ELIZABETH BLAZY, Respondent, *v.* HECTOR MCLEAN,
Appellant.

(Argued May 3, 1895; decided May 21, 1895.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made April 12, 1894, which affirmed a judgment in favor of plaintiff entered upon the report of a referee.

The following is the opinion in full :

"This action was brought to compel the defendant to re-convey to the plaintiff certain real estate and to recover the value of the use thereof. Upon the first trial the plaintiff recovered judgment in her favor, which was affirmed at the General Term ; but, upon appeal to this court, it was reversed and a new trial was ordered of the issues. (129 N. Y. 44.) When the case was then before us, we felt compelled to order a new trial, because of the rejection of relevant evidence which had been offered by the defendant upon the trial. The question presented was whether a deed, absolute in form, was delivered by this plaintiff to the defendant only as collateral security for the payment of a sum of $2,000, agreed to be paid to the defendant by the plaintiff's husband and another, upon a contract for the purchase of a farm. The finding in the case was that the deed had been given as a collateral security and we said that there was no error in the finding. But the defendant had not been allowed permission to prove that the deed was delivered by the plaintiff and accepted by him as a complete and absolute transfer of the lot and for which he had agreed to allow $2,000 as a payment upon her husband's contract. We held that, under the pleadings and the issues between the parties, there could be no lawful objection to that evidence ; which did not contradict or vary the written contract, but only showed performance. In other words, the agreement of the parties contracting to purchase the farm being to pay $2,000 before the conveyance should be made and the plaintiff's deed being given as security for their performance of that agreement, the proof offered to be made by

the defendant simply went to show the immediate payment of the money through the acceptance of the plaintiff's conveyance at that figure.   Upon the new trial of the action the only evidence, which differed from that upon the first trial, was that which was given by the defendant under the offer which he had previously made and which· had been rejected. The referee, before whom this trial was had, again, has decided in favor of the plaintiff and the General Term has affirmed the judgment entered upon his report.   In my opinion, there is not the slightest reason for disturbing that judgment.   The referee was not only justified in inferring from, and in finding upon, the whole evidence that the plaintiff's deed was not given by her, nor accepted by defendant, as an absolute deed ; but even upon the evidence given by, or on behalf of, the defendant, I do not see that he could have decided otherwise.   The defendant's own evidence was very insufficiently corroborated, as to the execution and delivery of the deed, and it was distinctly contradicted by several witnesses.   Nor was the action tried upon the theory of fraud, as the appellant claims ; but, simply, upon the allegations of the plaintiff that her deed was delivered as collateral security for the performance of the main contract and, as that had been rescinded by the parties, that she was entitled to a re-conveyance of the premises deeded by her.

" While it is true that there is but little merit in the defendant's appeal, I do not think that it is a case where we should exercise our discretion in awarding damages by way of costs, upon our affirmance of the judgment.   The new trial was awarded to the defendant as a matter of legal right, for the error committed in rejecting evidence pertinent to the issues; and while I agree with the court below that the evidence, which defendant gave upon the new trial, fell far short of substantiating his offer of proof, the circumstances are such as to make the ordinary costs sufficient.   There has actually been no delay caused by the defendant in the procedure of the cause to this court, whatever it has been in reaching a final determination of the issue.

" The judgment should be affirmed, with costs."

*Cassius C. Davy* for appellant.

*E. W. Gardner* for respondent.

GRAY, J., reads for affirmance.
All concur, except HAIGHT, J., not sitting.
Judgment affirmed.